UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**Michael A. Hammer**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street, Room 3053<br>Newark, NJ 07102<br>(973) 776-7858 |

May 22, 2013

## LETTER OPINION AND ORDER

All Counsel of Record, *via* CM/ECF

    RE:    Maher Terminals, LLC v. The Port Authority of New York and New Jersey, et al.
              **Civil Action No. 12-6090 (KM)**

Dear Litigants:

    Presently before the Court is a joint letter ("Letter") presenting each party's position on defendants' request for a stay of discovery in this matter pending disposition of defendants' motion to dismiss (Mot. Dismiss, Nov. 8, 2012, ECF No. 12). Letter, May 8, 2013, ECF No. 38. Plaintiff Maher Terminals, LLC ("plaintiff") opposes defendants' request for a stay of discovery. For the reasons set forth below, defendants' request is denied.

### Background

    On September 28, 2012, plaintiff filed a complaint against the Port Authority of New York and New Jersey and Patrick J. Foye, in his official capacity as Executive Director of the Port Authority of New York and New Jersey (collectively, "defendants"), alleging that defendants' "port charges and fees, including marine terminal charges and fees, and increases in marine terminal charges and fees, for [plaintiff's] marine container terminal operations are unlawful" and violate various federal statutes. Compl. ¶ 1, Sept. 28, 2012, ECF No. 1. Accordingly, plaintiff seeks both monetary damages and equitable relief, including a declaratory judgment that defendants' marine terminal charges and fees are unlawful. Id. ¶ 3.

    On November 8, 2012, defendants filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot. Dismiss, Nov. 8, 2012, ECF No. 12. Pursuant to a Consent Order, that motion was made returnable on January 22, 2013, and it is

presently pending before the Honorable Kevin McNulty, U.S.D.J.  See Consent Order ¶ 3, Nov. 28, 2012, ECF No. 25.  On December 21, 2012, plaintiff timely filed a brief in opposition to defendants' motion to dismiss (Opp'n Br., Dec. 21, 2012, ECF No. 26), and defendants filed a reply brief in further support of their motion to dismiss on January 18, 2013 (Reply Br., Jan. 18, 2013, ECF No. 31).  On April 26, 2013, defendants filed a letter requesting oral argument before Judge McNulty on the pending motion to dismiss.  Letter, Apr. 26, 2013, ECF No. 36.  To date, that request has been neither granted nor denied.

In a Letter Order dated January 7, 2013, the Court directed the parties to abide by the early disclosure requirements of Federal Rule of Civil Procedure 26 and to submit to the Court a joint discovery plan, including a proposed schedule for the completion of fact and expert discovery.  Letter Order, Jan. 7, 2013, ECF No. 27, at 1.  The Court also ordered the parties to "immediately serve interrogatories, limited to twenty-five (25) single questions, and requests for production of documents (no limit)."  Id. at 2.  The Court also set an in-person initial scheduling conference for February 27, 2013.  Id. at 1.

In a letter dated January 9, 2013, defendants requested that the Court hold in abeyance its direction to commence immediate disclosure and discovery until the determination of defendants' pending motion to dismiss.  Defs.' Letter, Jan. 9, 2013, ECF No. 28.  In support of their request, defendants asserted that the costs attendant to disclosure and discovery would be avoided if the Court granted their motion to dismiss.  Id. at 2.  On the other hand, even if the Court denied their motion to dismiss, defendants submitted that "because litigation with overlapping facts has already taken place between the parties, the parties are in a position to conduct discovery expeditiously thereafter."  Id.  On January 10, 2013, the Court ordered the parties to "exchange only initial disclosures pursuant to Fed. R. Civ. P. 26(a) before the Scheduling Conference.  The Court will address interrogatories, document production and other fact discovery at the conference."  Order, Jan. 10, 2013, ECF No. 29.

After the Court granted multiple requests to adjourn the initial scheduling conference, the parties appeared before the Undersigned for a Rule 16 conference on April 18, 2013.  See Tr. of Proceedings, ECF No. 37.  On that same date, the Court issued an Order, which instructed the parties to file a joint letter "presenting their respective positions regarding whether the Court should stay discovery in this matter pending disposition of defendants' motion to dismiss."  Order ¶ 1, Apr. 18, 2013, ECF No. 35.  Thereafter, on May 8, 2013, the parties jointly filed the instant Letter, which sets forth each party's position on defendants' request to stay discovery pending disposition of their motion to dismiss.  Letter, May 8, 2013, ECF No. 38.

**Discussion**

Pursuant to Federal Rule of Civil Procedure 26(c), the Court may stay discovery pending determination of a motion to dismiss only on a showing of "good cause" by the party requesting the stay.  Gerald Chamales Corp. v. Oki Data Americas, Inc., et al., 247 F.R.D. 453, 454 (D.N.J. Dec. 11, 2007) ("A protective order pursuant to Fed. R. Civ. P. 26(c) may only be issued if 'good

cause' is shown."); Fed. R. Civ. P. 26(c)(1) (establishing that the court may issue a protective order with respect to discovery only for "good cause"); see Perelman v. Perelman, Civ. No. 10-5622, 2011 U.S. Dist. LEXIS 85470, at *2–3 (E.D. Pa. Aug. 3, 2011) ("The burden is on the party seeking the stay [of discovery] to show 'good cause.'") (citations omitted).  It is well settled that "the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay."  Chamales, 247 F.R.D. at 454; see Fed. R. Civ. P. 26(d)(2)(A) ("[M]ethods of discovery may be used in any sequence . . . .").

      Indeed, courts generally do not favor granting motions to stay discovery "because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."  Coyle v. Hornell Brewing Co., Civ. No. 08-2797 (JBS), 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (internal citations and quotation marks omitted).  Nonetheless, this Court maintains wide discretion to manage discovery issues and enter stays where good cause has been shown.  See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Coyle, 2009 WL 1652399, at *3 ("In discovery disputes, the Magistrate Judge exercises broad discretion and is entitled to great deference.") (citations omitted); Chamales, 247 F.R.D. at 454 ("Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion.") (citations omitted).

      Here, defendants argue that granting the temporary stay of discovery will not prejudice plaintiff because plaintiff "is challenging fees and charges that were virtually all set forth in its October 2000 lease and waited some twelve years before commencing this action."  Letter, ECF No. 38, at 2.  Defendants contend further that plaintiff would suffer no prejudice because plaintiff has already taken "extensive discovery" of defendants in a similar action.  Id.  Defendants assert that, by staying discovery until Judge McNulty decides their motion to dismiss, "discovery may never be needed at all or at least be substantially narrowed."  Id.  They suggest that the Court should enter a stay of discovery pending Judge McNulty's determination of their "highly meritorious motion to dismiss" because that motion will most likely be granted, and discovery will therefore be rendered unnecessary.  Id.  Defendants submit that allowing discovery to proceed immediately "would impose a substantial burden" on defendants, whose resources "are and should be prudently spent in ways that benefit the public."  Id.

      The Court finds that defendants have failed to satisfy their burden of showing good cause sufficient to justify granting a stay of discovery pending disposition of defendants' motion to dismiss.  Upon a review of the parties' briefs with respect to the pending motion to dismiss, the Court here cannot conclude that "only one result [] could be reached.  In the absence of a clear and unmistak[]able result, this Court does not believe the issuance of a protective order should depend upon its prediction of how the District Judge will decide defendants' dispositive motion."  Chamales, 247 F.R.D. at 454.  For example, plaintiff asserts that questions of fact exist regarding whether defendants' challenged port fees are within the scope of certain federal statutes, and whether those fees "operate to impose a charge for the privilege of entering, trading in, or lying in a port and [whether plaintiff] is injured."  Letter, ECF No. 38, at 10.  In either event, it is clear

to this Court upon its review of the motion to dismiss that the motion does not dictate a "clear and unmistakable result" for either party; consequently, this Court cannot justify granting a stay of discovery.

In addition, defendants fail to satisfy the good cause standard because they provide no evidence that proceeding with discovery will be "unduly" burdensome. In any case where a dispositive motion is filed in the early stages of the litigation, the parties might incur discovery costs that ultimately may be rendered unnecessary if the pending dispositive motion is granted. Defendants, however, do not explain with any specificity why the instant matter is different than any other case in which a dispositive motion has been filed early, and thus, why the Court should grant its request to stay discovery. See Coyle, 2009 WL 1652399, at *3 ("The party seeking a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else.") (internal citation and quotation marks omitted). Again, the burden rests squarely on defendants to make such a showing because a stay of discovery is "not preferred." Id. Here, defendants have failed to carry that burden, and accordingly, the Court denies their request for a temporary stay of discovery.[1] See Chamales, 247 F.R.D. at 455 ("[I]f the Court accepts defendants' argument that all depositions should be stayed pending the decision on its dispositive motion, then it would in effect be ruling that every time a request to compel arbitration is filed good cause exists to issue a protective order to stop depositions while the request is pending. This is not the law.") (citations omitted). The Court denies defendants' request without reaching the question of whether plaintiff would suffer prejudice as a result of a potential stay of discovery. That issue is tangential to the good cause analysis, and it does not affect the Court's determination that defendants have failed to show good cause sufficient to grant a stay of discovery. See generally, In re Plastics Additives Antitrust Litig., Civ. No. 03-2038, 2004 WL 2743591, at *7 (E.D. Pa. Nov. 29, 2004) (determining that the Court has a responsibility to "keep its docket moving to provide litigants with a timely and effective resolution of their claims," and granting a stay would hinder the Court's responsibility to control the disposition of the matter).

## Conclusion

For the foregoing reasons, the Court denies defendants' request for a stay of discovery pending disposition of the motion to dismiss. Any party seeking to serve interrogatories (limited to twenty-five single questions) and requests for production of documents, shall do so on or before **June 14, 2013**. The parties shall file a joint discovery plan on or before **June 18, 2013**. The Pretrial Scheduling Conference shall resume before the Undersigned on **June 20, 2013, at 12:00 p.m.**

---

[1] Additionally, the defendants' concern regarding "Maher's appetite for burdensome discovery" are misplaced. See Letter, May 18, 2013, ECF No. 38, at 4. Federal Rules of Civil Procedure 26 and 37 vest this Court with the substantial authority to limit discovery in accordance with Federal Rule of Civil Procedure 26.

**So Ordered**,

s/*Michael A. Hammer*
UNITED STATES MAGISTRATE JUDGE